Ross D. Tillman
BOONE KARLBERG P.C.
201 W. Main St., Suite 300
P.O. Box 9199
Missoula, Montana 59807-9199
Telephone: (406) 543-6646
Telefax: (406) 549-6804
rtillman@boonekarlberg.com
*Attorneys for Plaintiff*
*Pioneer Specialty Insurance Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| PIONEER SPECIALTY INSURANCE COMPANY, | Cause No. |
| Plaintiff, | **COMPLAINT FOR DECLARTORY JUDGMENT** |
| -vs- | |
| SHENI, LLP, a domestic limited liability partnership; DAVID THOMAS MURPHY, an individual; and CARLA MARIE WIGTON, an individual, | |
| Defendants. | |

COMES NOW Plaintiff Pioneer Specialty Insurance Company ("Pioneer"),

by and through its counsel of record, and for its Complaint for Declaratory

Judgment, states and alleges as follows:

1

## JURISDICTION

1.      Plaintiff Pioneer is a corporation organized and existing under and by virtue of the laws of the state of Minnesota.  Its principal place of business is Minnesota. As such, Plaintiff Pioneer is a resident and citizen of Minnesota pursuant to 28 U.S.C. §1332(c).

2.      Defendant SHENI, LLP ("Sheni"), is a domestic limited liability partnership, existing under the laws of the State of Montana.  Its principal place of business is Polson, Montana.  As such, Sheni is a resident and citizen of Montana.

3.      Defendant David Thomas Murphy ("Murphy") is a citizen and resident of the State of Montana, and resides in Lake County, Montana.  At all times relevant to this action, Murphy was employed as property manager for Sheni at Lakeview Village Apartments in Polson, Montana.

4.      Defendant Carla Marie Wigton ("Wigton") is a citizen and resident of the State of Montana, and resides in Lake County, Montana.

5.      Pioneer issued a Commercial General Liability policy to Sheni, Policy Number CPP 1058986 05 ("the Policy").  (A certified copy of the Policy is attached as Exhibit A).

6.      Pioneer seeks a declaration that Policy Number CPP 1058986 05 does not provide for defense or indemnity for Sheni and/or Murphy in a lawsuit being brought by Carla Marie Wigton against Sheni and Murphy as set forth in a

Complaint and Jury Demand captioned *Carla Marie Wigton, Plaintiff, v. David Thomas Murphy and Sheni,, LLP, Defendants,* Cause No. __, United States District Court for the District of Montana, Missoula Division ("the Underlying Case"). As of the date of filing of this Complaint for Declaratory Judgment, the Underlying Complaint has not been filed. (Complaint attached as Exhibit B).

7.    Wigton is not a party to the Pioneer insurance contract. However, Wigton has claimed an entitlement to the Policy's proceeds and a third-party beneficiary interest in the Policy by demanding that the Policy's limits be paid to her.

8.    Venue is proper pursuant to 28 U.S.C. §1391 because the policy was issued in Montana to a Montana citizen; the events in the Underlying Case for which coverage must be determined occurred in this judicial district; the Defendants reside in Lake County, Montana; and the contract and obligations at issue in this case must be interpreted under Montana law.

9.    Subject matter jurisdiction is based on 28 U.S.C. §1332. This action involves a controversy between citizens of different states, and the amount in controversy exceeds $75,000.00, given the policy limit of the respective policy, and a demand having been made for that limit.

10.    Subject matter jurisdiction is alternatively based upon the Declaratory Judgment Act, 28 U.S.C. §2201(a).

## THE UNDERLYING COMPLAINT

11.     In the Complaint in the Underlying Case, Wigton alleges Murphy committed the intentional torts of assault, sexual assault, kidnapping, false imprisonment, and intentional infliction of emotional distress. Wigton further alleges Murphy was negligent, violated the Civil Rights Act of 1866, the Federal Fair Housing Act, and the Montana Fair Housing Law.  Wigton further alleges Murphy is liable for breach of contract (lease agreement) and violated the Montana Residential Landlord Tenant Act of 1977.

12.     In the Complaint in the Underlying Case, Wigton's claims against Sheni allege negligent hiring, supervision and retention of Murphy, violation of the Civil Rights Act of 1866, violation of the Federal Fair Housing Act, and violation of the Montana Fair Housing Law.  Wigton further alleges Sheni is liable for breach of contract (lease agreement) and that Sheni violated Montana's Residential Landlord Tenant Act of 1977.  Wigton further alleges Sheni is vicariously liable for Murphy's actions and is *per se* vicariously liable for the discriminatory housing practices perpetrated by Murphy.

13.     Wigton has made a demand to Pioneer for $1,500,000 under the Pioneer policy, Policy No. CPP 1058986 05 based on the foregoing allegations.

## COUNT I: DECLARATORY JUDGMENT RE DUTY TO DEFEND AND INDEMNIFY MURPHY AND/OR SHENI

14.     Pioneer reasserts the allegations contained in the previous paragraphs of this Complaint.

15.     The Commercial General Liability Policy, Policy No. CPP 1058986, is divided into two main coverages, Coverage A and Coverage B.  The insuring agreement for Coverage A states:

SECTION 1 – COVERAGES
COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY
1.      Insuring Agreement
    a.      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.  But:
        (1)     The amount we will pay for damages is limited as described in Section III – Limits of Insurance; and
        (2)     Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.
    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.
    b.      This insurance applies to "bodily injury" and "property damage" only if:
        (1)     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
        (2)     The "bodily injury" or "property damage" occurs during the policy period; and
        (3)     Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or

"property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c.      "Bodily injury" or property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

* * *

e.      Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

16.     Several of the terms within the insuring agreement are specifically defined, as follows:

3.      "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

13.     "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

17.     "Property damage" means:

a.      Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.      Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

17.     Coverage A also includes several exclusions that may apply:

COVERAGE A

2.      EXCLUSIONS:

This insurance does not apply to:

a.      Expected or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

    b.     **Contractual Liability**
"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

       (1)     That the insured would have in the absence of the contract or agreement; or

       (2)     Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

          (a)     Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

          (b)     Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

    o.     **Personal And Advertising Injury**
"Bodily injury" arising out of "personal and advertising injury".

18.     The Insuring Agreement under Coverage B – Personal and

Advertising Injury Liability states:

    **COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**
1.     Insuring Agreement

    a.     We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

       (1)     The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

       (2)     Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

b.   This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

19.   Several terms in this insuring agreement are also defined in the policy:

14.   "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

   a.   False arrest, detention or imprisonment;
   b.   Malicious prosecution;
   c.   The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
   d.   Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
   e.   Oral or written publication, in any manner, of material that violates a person's right of privacy;
   f.   The use of another's advertising idea in your "advertisement"; or
   g.   Infringing upon another's copyright, trade dress or slogan in your "advertisement".

20.   Coverage B includes several exclusions that may apply in this case:

2.   EXCLUSIONS:
This insurance does not apply to:

   a.   Knowing Violation Of Rights Of Another
      "Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".
   d.   Criminal Acts
      "Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.
   f.   Breach of Contract
      "Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement".

21.     The CGL policy also includes medical payments coverage.  The insuring agreement under this section states:

> COVERAGE C – MEDICAL PAYMENTS
> 1.     Insuring Agreement
>      a.     We will pay medical expenses as described below for "bodily injury" caused by an accident:
>           (1)     On premises you own or rent;
>           (2)     On ways next to premises you own or rent; or
>           (3)     Because of your operations;
>           provided that:
>                (a)     The accident takes place in the "coverage territory" and during the policy period;
>                (b)     The expenses are incurred and reported to us within one year of the date of the accident; and
>                (c)     The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.
>      b.     We will make these payments regardless of fault.  These payments will not exceed the applicable limit of insurance.  We will pay reasonable expenses for:
>           (1)     First aid administered at the time of an accident;
>           (2)     Necessary medical, surgical, X-ray and dental services, including prosthetic devices; and
>           (3)     Necessary ambulance, hospital professional nursing and funeral services.

22.     The medical payments coverage includes several exclusions which may apply, as follows:

> 2.     Exclusions
>      We will not pay expenses for "bodily injury":
>      c.     Injury on Normally Occupied Premises
>           To a person injured on that part of premises you own or rent that the person normally occupies.
>      g.     Coverage A Exclusions
>           Excluded under Coverage A.

23.     The CGL policy contains endorsements that change the policy.  Form WN GL 21 is the Abuse or Molestation Exclusion endorsement.  It states:

9

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.
ABUSE OR MOLESTATION EXCLUSION
This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART
The following exclusion is added to Paragraph 2., Exclusions of Section I –
Coverage A – Bodily Injury And Property Damage Liability and Paragraph 2.,
Exclusions of Section I – Coverage B – Personal And Advertising Injury Liability
This insurance does not apply to "bodily injury", "property damage" or "personal
and advertising injury" arising out of:
    1.    The actual or threatened abuse or molestation by anyone of any
        person or
    2.    The negligent
        a.    Employment;
        b.    Investigation;
        c.    Supervision;
        d.    Reporting to the proper authorities, or failure to so report; or
        e.    Retention;
            of a person for whom any insured is or ever was legally
            responsible and whose conduct would be excluded by
            Paragraph 1. above.

24.    Endorsement CG 21 44 07 98 limits insurance coverage to the property shown in the schedule.  The schedule shows an apartment building located at 1203 U.S. Highway 93 East, Polson, Montana.   In the event that the apartment where the assault occurred is different than the apartment listed in the Policy, coverage may not be available.

25.    The Policy includes Endorsement CG 26 61 10 01 that amends the medical payments coverage:

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART
Paragraph 1.b. Insuring Agreement od Coverage C. Medical Payments is replaced
by the following:
    b.    We will make these payments regardless of fault.  These payments
        will not exceed the applicable limit of insurance.  We will pay
        expenses for:
        (1)    First aid administered at the time of an accident;

> (2)   Necessary medical, surgical, x-ray and dental services, including prosthetic devices; and
> (3)   Necessary ambulance, hospital, professional nursing and funeral services.

26.    The Policy includes WN GL 02 that excludes coverage for punitive damages, as follows:

> This endorsement modifies insurance provided under the following:
> COMMERCIAL GENERAL LIABILITY COVERAGE
> The following exclusion is added to Paragraph 2., Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability and Paragraph 2., Exclusions of Section I – Coverage B – Personal And Advertising Injury Liability:
> Punitive Damages
> This insurance does not apply to any punitive or exemplary damages.  However, in the event an insured is alleged to be legally liable for both compensatory damages and punitive damages, if we provide a defense to the claim for compensatory damages, we will also provide a defense to the claim for punitive damages.

27.    Pioneer alleges the claims set forth against Murphy and Sheni in the Complaint in the Underlying Case are or may be precluded from coverage by the terms and conditions of the Policy, either as set forth above or as set forth in the entirety of the Policy.

28.    Pioneer denies that the Policy provides a duty to defend or indemnify Murphy and/or Sheni against the claims set forth in the Complaint in the Underlying Case.

29.    Pioneer has agreed to defend Murphy, if he requests a defense, and Sheni, if it requests a defense, against the claims asserted in the Complaint in the Underlying Case under a full reservation of rights.

30.     Pioneer denies that it owes policy proceeds from Policy No. CPP 1058986 05 to Carla Wigton for the claims made in the Underlying Case.

31.     An actual controversy exists among the parties regarding insurance coverage for the claims and losses alleged in the Underlying Case.

32.     By reason of the foregoing, a declaratory judgment is both necessary and proper in order to set forth and determine the rights, obligations and liabilities, if any, which exist as to the Pioneer policy issued Sheni.

33.     Pioneer is entitled to a declaration that Policy No. CPP 1058986 05 does not impose a duty upon Pioneer to defend or indemnify Murphy and/or Sheni in the Underlying Case.

WHEREFORE, Plaintiff prays that this Court:

1.     Declare that Pioneer has no duty to defend Murphy and/or Sheni in the Underlying Case.

2.     Declare Pioneer has no duty to indemnify Murphy and/or Sheni in the Underlying Case.

3.     For fees and costs incurred.

4.     For such other and further relief as the Court deems just and proper.

DATED this 12th day of March, 2018.

BOONE KARLBERG, P.C.

/s/Ross D. Tillman
Ross D. Tillman
*Attorney for Plaintiff Pioneer Specialty*
*Insurance Co.*